**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Francis Gnandt, | No. CV-10-8085-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Stephen Gnandt injured his right heel and ankle when he slipped on a boat dock on October 3, 2004. *See* Doc. 12, Tr. 19, 59. He had surgery to stabilize the right calcaneal fracture one week later, and had subtalar joint arthrodesis surgery in October 2005. Tr. 19, 122-23. On March 12, 2006, Plaintiff injured his left ankle when he fell off a houseboat, fracturing the distal tibia across the medial malleous. Tr. 119. He was placed in a below-the-knee cast, which was removed on April 5, 2006. Tr. 118-19.

Plaintiff applied for disability insurance benefits on October 11, 2005, claiming to be disabled since October 3, 2004. *See* Doc. 12, Tr. 43-45. The application was denied. Tr. 31-40. A hearing before an Administrative Law Judge (ALJ) was held on November 8, 2007. Tr. 166-95. The ALJ issued a written decision on February 1, 2008, finding Plaintiff disabled through February 14, 2006, but not thereafter. Tr. 16-25. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 3-5.

Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Doc 1. For reasons that follow, the Court will affirm Defendant's decision denying benefits as of February 15, 2006.[1]

**I.      Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II.     Analysis.**

Using the five-step evaluation process set forth in 20 C.F.R. § 404.1520, the ALJ found Plaintiff to be disabled from October 3, 2004 through February 14, 2006. Tr. 18-20, 24 ¶ 12. Specifically, Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date (Tr. 17, 24 ¶ 2), he has a severe ankle and heel disorder (Tr. 17, 24 ¶ 3), and this impairment rendered him unable to work (Tr. 20, 24 ¶¶ 6-11). Pursuant to 20 C.F.R. § 404.1594, the ALJ found that medical improvement had occurred, that this improvement related to the ability to work, and that as of February 15, 2006, Plaintiff had the residual functional capacity (RFC) to perform a range of sedentary work with restrictions. Tr. 20-23, 25 ¶¶ 13-17.

Plaintiff challenges the decision to terminate benefits as of February 15, 2006, arguing that the ALJ erred in rejecting a treating physician's opinion and Plaintiff's own testimony, that he erred in determining RFC and medical improvement, and that he failed to pose a

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed (Docs. 13, 14, 15) and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 complete hypothetical to the vocational expert. Docs. 13, 15. Defendant contends that the
2 ALJ did not err and his decision is supported by substantial evidence. Doc. 14.

### A. The Treating Physician's Opinion.

On September 19, 2006, Dr. James Wilson completed a medical source statement of Plaintiff's ability to do work-related activities. Tr. 99-101. He opined that Plaintiff was able to stand and walk for less than 2 hours in an 8-hour workday. Tr. 100. Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting that opinion. Doc. 13 at 13-16. The Court does not agree.

The ALJ explicitly relied on a contemporaneous treatment note in which Dr. Wilson found that Plaintiff's pain became severe only after standing for "prolonged periods of time" (Tr. 108). Tr. 22. The ALJ notes, correctly, that this finding is consistent with Dr. Wilson's treatment note of February 15, 2006, the date the ALJ found Plaintiff to be no longer disabled, wherein Plaintiff reported that he "can walk most of the time without difficulty" and has some soreness and swelling only after "several hours of walking" (Tr. 120). Tr. 21.

The ALJ need not accept the opinion of any medical source, including a treating source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The limitation of less than 2 hours of standing and walking (Tr. 100) is extreme and not supported by Dr. Wilson's own treatment notes (Tr. 108, 120). The discrepancy between Dr. Wilson's opinion and his own clinical notes is a "clear and convincing reason for not relying on the doctor's opinion regarding [Plaintiff's] limited ability to stand and walk." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ properly rejected treating physician's opinion where it was contradicted by his own notes); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (same). "The ALJ's rejection of [Dr. Wilson's] opinion is supported by substantial evidence and was based on a permissible determination within the ALJ's province." *Bayliss*, 427 F.3d at 1216.

Plaintiff asserts that the ALJ erroneously found (Tr. 21) no medical evidence supporting Dr. Wilson's statement that Plaintiff uses an assistive device to walk (Tr. 100).

1  Doc. 13 at 14.  In support of this assertion, Plaintiff cites treatment notes (Tr. 118, 122, 123)
2  purportedly showing that he was "consistently" wearing a cam walker.  *Id.*  But the note
3  dated December 7, 2005 states that he was "released from camwalker" for his right foot.
4  Tr. 122.  On April 5, 2006, Plaintiff had the cast removed from his left foot and "was allowed
5  to wear the CamWalker which he already has[.]"  Tr. 118.  One month later, however,
6  Plaintiff affirmatively disclaimed using a walker or other assistive device.  Tr. 88-89.  The
7  ALJ also notes, correctly, that by September 19, 2006, the date Dr. Wilson provided his
8  medical source statement (Tr. 100), Plaintiff "no longer complained of having any pain or
9  limitations in his left ankle."  Tr. 21 (citing Tr. 108).  The ALJ did not err in finding that no
10 medical evidence supported Plaintiff's use of an assistive device as of September 2006.

### B. The RFC Determination.

12 A sedentary job "involves lifting no more than 10 pounds at a time," and although it
13 "is defined as one which involves sitting, a certain amount of walking and standing is often
14 necessary in carrying out job duties."  20 C.F.R. § 404.1567(a).  In concluding that Plaintiff
15 had regained the RFC to perform a range of sedentary work as of February 15, 2006, the ALJ
16 found that "he can lift/carry up to 20 pounds occasionally, lift/carry up to 10 pounds
17 frequently, stand and/or walk for a total of 2-4 hours in an 8-hour workday and sit for a total
18 of 6 hours in an 8-hour workday."  Tr. 20, 25 ¶ 14.  Plaintiff asserts that the ALJ's RFC
19 determination "was not based on any evidence in the record."  Doc. 13 at 16.  Plaintiff is
20 incorrect.

21 Plaintiff himself recognizes that the ALJ found he "could lift/carry the amount of
22 weight Dr. Wilson opined he could in his medical source statement."  *Id.* at 17.  The ALJ's
23 finding that Plaintiff can sit for 6 hours is consistent with Dr. Wilson's opinion that Plaintiff
24 has no limitation in his ability to sit (Tr. 100).  The ALJ's finding that Plaintiff is able to
25 stand and walk for 2-4 hours is supported by Dr. Wilson's treatment note stating that Plaintiff
26 "can walk most of the time without difficulty" and only after "*several hours* of walking" does
27 he have "some" soreness and swelling.  Tr. 120 (emphasis added).  Contrary to Plaintiff's
28 assertion, the ALJ's RFC determination is supported by substantial medical evidence, that

- 4 -

is, the opinion and clinical findings of Plaintiff's treating physician. *See Desrosiers v. Sec'y of HHS*, 846 F.2d 573, 576 (9th Cir. 1988) ("Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (quotation marks and citations omitted); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (noting that reviewing the Commissioner's decision for substantial evidence is a "highly deferential" standard of review).

### C. The Medical Improvement Finding.

The ALJ erred in finding medical improvement, Plaintiff contends, by "failing to perform a continuing disability review pursuant to 20 C.F.R. § 404.1519p." Doc. 13 at 17. That regulation concerns the reports of consultive examiners. It provides that "[i]f the report is inadequate or incomplete, we will contact the medical source who performed the consultive examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report." 20 C.F.R. § 404.1519p(b).

Plaintiff asserts that had "the ALJ re-contacted Dr. Wilson concerning his medical opinions, the ALJ would have learned Dr. Wilson strongly disagreed with the ALJ's summary of [Plaintiff's] medical history and determination of [his RFC]." Doc. 18. Plaintiff cites no legal authority showing that 20 C.F.R. § 404.1519p applies to opinions of treating physicians, as opposed to reports of consultive examiners. Nor has Plaintiff shown that the medical source statement completed by Dr. Wilson (Tr. 99-101), when coupled with relevant treatment notes (Tr. 108, 120), was not adequate for the ALJ to make a medical improvement determination. *See* 20 C.F.R. § 404.1512(e) (it is necessary to recontact a treating physician only where the evidence he provides "is inadequate for us to determine whether you are disabled").

"The ALJ, with support in the record, found the evidence adequate to make a determination regarding [Plaintiff's medical improvement]." *Bayliss*, 427 F.3d at 1217. He therefore had no duty to recontact Dr. Wilson. *See id.*; *Dosey v. Astrue*, No. EDCV 07-890-

- 5 -

CW, 2010 WL 1875659, at *5 (C.D. Cal. May 10, 2010) ("An ALJ is required to recontact a doctor or otherwise undertake to develop the record more fully only if the medical evidence is ambiguous or insufficient for the ALJ to make a disability determination.").

### D. Plaintiff's Testimony.

Plaintiff testified at the hearing that he is able to sit and stand for only half an hour at a time (Tr. 171-72), that he must elevate his feet throughout the day (Tr. 73), that he has difficulty walking on uneven surfaces and is unable to balance even on flat ground (Tr. 174-75, 180), that he can lift only one pound (Tr. 180-81), and that the Vicodin he takes causes dizziness several times a day (Tr. 182).

The ALJ credited Plaintiff's testimony that he is unable to walk on uneven surfaces, but found the "allegations of greater limitations since February 15, 2006 [to be] not consistent with the record as a whole." Tr. 20. There is no dispute that Plaintiff's impairments could reasonably produce some symptoms. Given this fact, and because there is no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for his adverse credibility finding. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Plaintiff asserts that the ALJ rejected his symptom testimony "for only one articulated reason: The belief [he] 'exaggerated the extent of his injury to the evaluator." Doc. 13 at 20 (quoting Tr. 22). To the contrary, the ALJ provided several specific, clear, and convincing reasons for finding Plaintiff's testimony not entirely credible.

The ALJ noted (Tr. 21) that by February 15, 2006, Plaintiff "was doing well following subtalar joint arthrodesis" surgery (Tr. 120). He was able to "walk most of the time without difficulty" and had some soreness and swelling only after "several hours of walking." Tr. 120. Examination revealed no edema in the right foot or ankle, muscle tone was normal, muscle strength was 5/5 for all groups tested, and Plaintiff was advised to "[c]ontinue to weight bear as tolerated." Tr. 120. Plaintiff experienced continued improvement in his right foot, with x-rays taken in April 2006 showing only incomplete arthrodesis and resolving osteopenia. Tr. 118. By September 2006, Plaintiff no longer complained of having any pain

1   or limitation in his left ankle, and experienced severe pain in his right foot only after
2   "standing for prolonged periods of time[.]" Tr. 108. The medical evidence is wholly
3   inconsistent with Plaintiff's claim that he is able to stand for only half an hour. *See Thomas*,
4   278 F.3d at 958-59 (an ALJ may reject a claimant's testimony to the extent it is inconsistent
5   with medical records).

6         The ALJ also found Plaintiff's subjective complaint testimony inconsistent with his
7   daily activities. Tr. 21-22. Although a claimant need not be "utterly incapacitated" in order
8   to be eligible for benefits, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), the ALJ may
9   consider daily activities in making his credibility determination. *See Thomas*, 278 F.3d at
10  959. Plaintiff reported to an examining physician that he is able to cook and barbeque and
11  goes fishing and boating. Tr. 111. He has lots of associates who visit regularly (Tr. 111),
12  he drives (Tr. 85), and he is able to do the dishes and other housework (Tr. 84). While some
13  of these activities may not show an ability work, they do tend to negate Plaintiff's testimony
14  that he is can lift only one pound and is limited to sitting and standing for only half an hour.
15  The ALJ "properly considered Plaintiff's daily activities in finding [his] testimony
16  incredible." *Curry v. Astrue*, No. 09-CV-2580-PHX-GMS, 2010 WL 3789535, at *6 (D.
17  Ariz. Sept. 22, 2010); *see Thomas*, 278 F.3d at 958-59 (the ALJ did not err in rejecting the
18  claimant's pain testimony where the claimant "was able to perform various household chores
19  such as cooking, laundry, washing dishes, and shopping").

20        The ALJ found, correctly, that no medical evidence supports Plaintiff's testimony that
21  he needs to elevate his feet throughout the day, that he has difficulty with balance, that he has
22  developed osteoporosis in his right foot, and that the he has dizzy spells several times a day
23  as a side effect of Vicodin. Tr. 22.

24        The ALJ noted inconsistencies in Plaintiff's hearing testimony and other statements
25  in the record. Plaintiff testified that he has "trouble falling asleep" and wakes up "three to
26  five times" during the night (Tr. 174), but reported to the examining physician that he "takes
27  5-10 minutes to get to sleep" and sleeps through the night (Tr. 110). The ALJ did not err in
28  considering those inconsistencies when weighing Plaintiff's credibility. *See Thomas*, 278

F.3d at 958.

Because "the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing." *Id.* at 959.

### E.     The Hypothetical Posed to the Vocational Expert.

Plaintiff contends that the ALJ erred "[b]y not including Dr. Wilson's opinion or Plaintiff's testimony regarding pain or side effects from medications in the hypothetical posed to the VE." Doc. 15 at 7.  As explained more fully above, the ALJ properly rejected Dr. Wilson's opinion and Plaintiff's subjective symptom testimony.  The ALJ's hypotheticals to the vocational expert (Tr. 190-92) were not incomplete or otherwise erroneous.

## III.    Conclusion.

Because the decision denying benefits as of February 15, 2006 is supported by substantial evidence and is not based on legal error, the Court will affirm the decision. *See* 42 U.S.C. § 405(g); *Ryan*, 528 F.3d at 1198.

**IT IS ORDERED:**

1.    Defendant's decision that Plaintiff's disability ended on February 15, 2006 (*see* Doc. 12, Tr. 25 ¶ 17) is **affirmed**.

2.    The Clerk is directed to enter judgment accordingly.

DATED this 27th day of January, 2011.

_____
David G. Campbell
United States District Judge